21-6185
*Lopez-Lopez v. Garland*

BIA
Spencer, IJ
A209 235 604/605

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

LAURA MAGDALENA LOPEZ-LOPEZ,
MARJORI ALEJANDRA HERNANDEZ-
LOPEZ,
> *Petitioners,*

v.                                                                21-6185
                                                                     NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:             Nicholas J. Mundy, Esq., Brooklyn, NY.

FOR RESPONDENT:             Brian Boynton, Principal Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Timothy G. Hayes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Laura Magdalena Lopez-Lopez and her daughter, Marjori Alejandra Hernandez-Lopez, natives and citizens of El Salvador, seek review of a March 17, 2021 decision of the BIA, affirming a March 20, 2019 decision of an Immigration Judge ("IJ"), which denied Lopez-Lopez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Lopez-Lopez*, Nos. A 209 235 604/605 (B.I.A. Mar. 17, 2021), *aff'g* Nos. A 209 235 604/605 (Immigr. Ct. N.Y.C. Mar. 20, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA.  *See Xue Hong Yang v.*

---

[1]  We principally refer to Lopez-Lopez because her daughter was named as a derivative beneficiary to her application.

*U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to facts *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As a preliminary matter, there is no merit to Lopez-Lopez's argument that the agency lacked jurisdiction to order her and her daughter's removal because their notices to appear did not specify the date or time that they should appear for a hearing. In *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the Supreme Court held that a notice to appear lacking a hearing date and time did not cut off the accrual of continuous presence for the purposes of cancellation of removal, and in *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480–86 (2021), the Supreme Court held that, for purposes of cutting off accrual of presence, the Government could not cure a defect in the notice to appear by providing the missing information in a separate document. However, neither the Supreme Court nor this Court has held that such defects necessarily divest the agency of jurisdiction. To the contrary, we have held that the regulations vesting jurisdiction in the agency do not require a

3

notice to appear to specify the date and time of a hearing "so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 110, 112 (2d Cir. 2019) (quotation marks and emphasis omitted); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez*."). Here, the agency had jurisdiction because, although the notices to appear omitted the initial hearing date and time, a hearing notice supplied Lopez-Lopez and her daughter with that information, and they appeared at their hearings. *See Chery*, 16 F.4th at 987; *Banegas Gomez*, 922 F.3d at 110–112.

To establish eligibility for asylum, Lopez-Lopez had to show that she suffered past persecution or had a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42); *see also id.* § 1158(b)(1)(A), (B)(i); 8 C.F.R. § 1208.13(b). Lopez-Lopez alleged that a gang member demanded money from her, but she ignored that demand without consequence. She further alleged that she saw gang members shoot her neighbor, and she later learned that the gang was looking for her because she was suspected of reporting the shooting to the police, but she had no further contact with the gang because she went into hiding and then left the country.

The agency reasonably concluded that Lopez-Lopez did not allege harm

4

rising to the level of persecution.[2]  Persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive."  *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted).  Unfulfilled threats generally do not rise to the level of persecution.  *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam).  Here, it is unclear whether the statements at issue were threats, and, in any event, they were unfulfilled and insufficient to rise to the level of persecution.  Lopez-Lopez did not allege that the first gang member told her that anything would happen to her if she did not pay the gang as they demanded, and she did not take the demand seriously.  The information that the gang was looking for her following the shooting was communicated only once, through at least two intermediaries, and it also did not contain a concrete threat.  Furthermore, although witnessing a shooting is undoubtedly a frightening experience, an asylum applicant generally "cannot claim past persecution based solely on harm that was inflicted on [another person]."  *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

The agency also reasonably concluded that Lopez-Lopez did not

---

[2]  Although the IJ made an adverse credibility determination, the BIA did not rely on this determination.  Thus, we do not reach that issue here.  *See Xue Hong Yang*, 426 F.3d at 522.

demonstrate an objectively reasonable fear of future persecution. Her fear is premised on the warning that the gang was looking for her immediately after the shooting. Lopez-Lopez did not present evidence about the events following the shooting—such as whether the police investigated or whether anyone was arrested or convicted—that would speak to the likelihood that the gang remained interested in retaliating against a witness and that the government would be unwilling or unable to protect her. There is no allegation that the gang continued looking for Lopez-Lopez beyond the immediate aftermath of the shooting or that it ever went to her former home, and Lopez-Lopez confirmed that the gang had not approached her relatives in gang-controlled areas of El Salvador looking for her. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution weakened when similarly situated family members remained unharmed in petitioner's native country). Under these circumstances, Lopez-Lopez's feared harm is speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

Because she failed to establish the likelihood of harm required for asylum, Lopez-Lopez "necessarily" failed to meet the higher standards for withholding of

removal or CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). It is therefore unnecessary for us to address the agency's additional findings that Lopez-Lopez failed to demonstrate nexus to a protected ground, as required for asylum and withholding of removal, and that she waived her CAT claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court